# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

EZRA JOHN ADAMS, CDCR #H-27409,

    Plaintiff,

vs.

LEROY GARCIA, Ramona Sheriff's Department,

    Defendant.

Case No.: 3:17-cv-00433-MMA-AGS

**ORDER:**

**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 9]**

**AND**

**2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)**

EZRA JOHN ADAMS ("Plaintiff"), proceeding pro se and currently incarcerated at the California Health Care Facility ("CHCF") in Stockton, California, filed this civil action pursuant to 42 U.S.C. § 1983 in the Northern District of California in December 2016 (Doc. No. 1).

Because Plaintiff's Complaint raises claims regarding to property that was seized during his 1988 arrest and subsequent criminal prosecution in San Diego Superior Court, and because the sole Defendant is alleged to have been employed by the San Diego

1

County Sheriff's Department, United States Magistrate Judge Nandor J. Vadas found the case was filed in the improper venue, and transferred it to the Southern District of California pursuant to 28 U.S.C. § 1391(b) and § 1406(a) (Doc. No. 11). Judge Vadas did not rule on Plaintiff's pending Motion to Proceed In Forma Pauperis (Doc. No. 9) prior to transfer; nor did he conduct a preliminary screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A.

**I.      Motion to Proceed In Forma Pauperis**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report as well as a prison certificate certified by a trust account official at CHCF. *See* Doc. No. 9 at 5-8; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that while Plaintiff sustained an average monthly balance of $11.67, he had no monthly deposits to his account over the 6-month period immediately preceding the filing of his Complaint, he had an available balance of zero at the time of filing. *See* Doc. No. 9 at 5, 7. Thus, the Court assesses Plaintiff's initial partial filing fee to be $2.33 pursuant to 28 U.S.C. § 1915(b)(1), but acknowledges he may be unable to pay even that minimal initial fee at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (Doc No. 9), declines to exact any initial filing fee because his prison certificate indicates he may have "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

**II.     Sua Sponte Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A**

   A.    Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted.)

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

///

B. Plaintiff's Allegations

Plaintiff contends that Defendant Leroy Garcia, a Sheriff employed by the County of San Diego, conducted an "illegal" search and seizure of his personal property without a warrant, participated in his "false arrest," fabricated and/or "orchestrated" false, defamatory, and misleading evidence against him, and "vandalized" his property in Ramona, California, while acting "under color of authority" "on or about November 15, 1988." (Doc. No. 1 at 3, 5-7.) Plaintiff seeks "five million dollars in new money," to "reverse the conviction," and asks to be "immediately discharged and returned from custody." (*Id.* at 3-4; Doc. No. 1-1 at 7.)

C. Statute of Limitations

Plaintiff's claims first arose "on or about November 15, 1988." (Doc. No. 1 at 2, 3, 5) "A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Id.* (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)); see also *Cervantes v. City of San Diego,* 5 F.3d 1273, 1276-77 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as Plaintiff is provided an opportunity to amend in order to allege facts which, if proved, might support tolling); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 788 (9th Cir. 2000) (court may raise the defense of statute of limitations sua sponte).

Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of

limitations was one year. *Jones*, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two years. *Id.* (citing CAL. CIV. PROC. CODE § 335.1). The law of the forum state also governs tolling. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989)); *Jones*, 393 F.3d at 927 (where the federal court borrows the state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law).

Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for two years. CAL. CIV. PROC. CODE § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005). Accordingly, the effective statute of limitations for most California prisoners is three years for claims accruing before January 1, 2003 (one year limitations period plus two year statutory tolling), and four years for claims accruing thereafter (two year limitations period plus two years statutory tolling).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543-44 (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391. Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

In this case, the "wrongful acts" alleged to have caused Plaintiff harm occurred more than 28 years before Plaintiff filed his Complaint in this action, and far outside California's statute of limitations—even including all presumed periods of tolling provided by statute, or pending the exhaustion of any administrative remedies. *Wallace*, 591 U.S. at 391; *see also Maldonado*, 370 F.3d at 955; CAL. CODE CIV. PROC. § 335.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's

6

3:17-cv-00433-MMA-AGS

incarceration); *Jones*, 393 F.3d at 927; *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) (finding that "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process" Defendant Garcia falsely arrested him, fabricated false and misleading evidence against him, searched his motor home, and seized various items of his personal property, including fishing equipment, household furnishings, a movie camera, guns, bows and arrows, rare hunting knives, a sword, tools, diving and camping equipment, clothing, and other "odds and ends," following his arrest in November 1988. (Doc. No. 1-1 at 3-7.) Therefore, Plaintiff had "reason to know" of his injury more than two decades ago, yet did not file this case until December 19, 2016—well after the limitations period elapsed. *See Maldonado*, 370 F.3d at 955.

Finally, Plaintiff's claims could be considered timely if, in his Complaint, he alleged facts sufficient to show the limitations period may be equitably tolled. *See Cervantes*, 5 F.3d at 1276-77. Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir.1988). Under California law, however, Plaintiff must meet three conditions to equitably toll the statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) Defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916.

As currently pleaded, however, the Court finds Plaintiff has failed to plead any facts which, if proved, would support any plausible claim for equitable tolling. *See Cervantes*, 5 F.3d at 1277; *Iqbal*, 556 U.S. at 679. Accordingly, the Court finds Plaintiff's claims against Defendant Garcia are barred by the statute of limitations, and his entire Complaint must be dismissed for failing to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

///

### D. Validity of Conviction

Plaintiff also seeks to "reverse his conviction" in San Diego Superior Court Criminal Case No. CR101501, and to be "released from custody" as a result of Defendant Garcia's actions. (Doc. No. 1 at 3-4; Doc. No. 1-2 at 2.) Thus, even if his claims were timely, he cannot proceed pursuant to 42 U.S.C. § 1983, for "[s]uits challenging the validity of [a] prisoner's continued incarceration lie within 'the heart of habeas corpus.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003), *quoting Preiser*, 411 U.S. at 489-99 (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court). "'[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'" *Id.*; *see also Nettles v. Grounds*, 830 F.3d 922, 928 (9th Cir. 2016) (en banc) ("[C]laims … which would … result[] in immediate release if successful, f[a]ll within the core of habeas corpus and therefore [must] be brought, if at all, in habeas.") (citing *Preiser*, 411 U.S. at 487), *cert. denied*, 137 S. Ct. 635 (No. 16-6556) (Jan. 9, 2017).

### E. Leave to Amend

Finally, while the Court would typically grant Plaintiff leave to amend in light of his pro se status, it concludes that doing so under the circumstances presented by his pleadings would be futile. *See Lopez*, 203 F.3d at 1127; *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

Amendment is futile because even if Plaintiff could somehow allege facts to show his claims against Defendant Garcia were timely, and further amend his pleading in such a way so as to seek only damages and allege constitutional violations that would not "necessarily" imply the invalidity of his conviction, or "affect the duration of time to be served," he still could not proceed pursuant to 42 U.S.C. § 1983 because previous attempts at invalidating his conviction have all proven unavailing. *See Nettles*, 830 F.3d

8

3:17-cv-00433-MMA-AGS

at 928-29 (noting that plaintiff may not bring a § 1983 action that "'necessarily require[s] [him] to prove the unlawfulness of his conviction'" unless he can "first … prove that the conviction … was eliminated, including 'by a federal court's issuance of a writ of habeas corpus.'") (quoting *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, the Court takes judicial notice of *Adams v. Evans, et al.*, Civil Case No. 3:09-cv-01123-BEN-RBB (S. D. Cal. 2009), a habeas corpus petition filed by Plaintiff pursuant to 28 U.S.C. § 2254 in 2009, and seeking to challenge the constitutional validity of the same state court conviction at issue in this case: San Diego Superior Court Case No. CR101501. This petition too, filed approximately 20 years after Plaintiff was convicted, was dismissed as untimely. *See id.* Doc. Nos. 1, 12, 13. The Court also takes judicial notice of docket proceedings before the California Court of Appeals, District 4, Div.1, in *In re Ezra John Adams*, D053086, in which Plaintiff filed a *state* habeas petition challenging his conviction in CR101501. This petition too was denied. *See* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=41&doc_id=1369135&doc_no=D053086 (last visited June 21, 2017).

Therefore, because these collateral proceedings show Plaintiff cannot amend his pleading in this case to allege the additional facts required to show either that his claims are timely, or that the underlying conviction which forms the basis of his § 1983 suit has already been invalidated, the Court finds amendment would be futile. *See Lopez*, 203

9

3:17-cv-00433-MMA-AGS

F.3d at 1127; *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (noting that leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal citations omitted).

### III. Conclusion and Order

For all the reasons discussed, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 9);

2) **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4) **DISMISSES** this civil action without leave to amend based on Plaintiff's failure to state a claim upon which relief can be granted and pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1); and

5) **CERTIFIES** that an IFP appeal from this Order would be not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk of Court is instructed to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

DATE: June 23, 2017

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge